# IN THE UNITED STATES BANKRUPTCY COURT
## OF THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Bankruptcy Case No. No. 1-20-44372 |
| ANDREW DELANEY, | § | (United States Bankruptcy Court for the |
| | § | Eastern District of New York |
| | § | (Brooklyn) (Chapter 7) |
| Debtor. | § | |

| | | |
|---|---|---|
| JOHN DOE NO. 1 and | § | |
| JOHN DOE NO. 2, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| UPSOLVE, INC., ROHAN | § | |
| PAVALURI, PRESIDENT AND | § | |
| FELLOWS OF HARVARD COLLEGE, | § | |
| YALE UNIVERSITY, | § | |
| Y COMBINATOR MANAGEMENT, | § | |
| LLC and ERIC SCHMIDT, | § | |
| | § | |
| Defendants. | § | |

### NOTICE OF REMOVAL OF JOHN DOE NO. 2'S CLAIMS
### AGAINST DEFENDANTS UPSOLVE, INC. AND ROHAN PAVULURI

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Upsolve, Inc. ("Upsolve"), removes to this Court all claims and causes of action asserted by John Doe No. 2 against Upsolve and Defendant Rohan Pavuluri ("Pavuluri") in *John Doe No. 1, et al. v. Upsolve, Inc., et al.*, Case No. 05-2023-CA-018273, in the Circuit Court of the 18th Judicial Circuit, Brevard County, Florida ("the Lawsuit"), pursuant to 28 U.S.C. § 1334 and § 1452, and would show:

1. On April 3, 2023, Plaintiffs filed the Lawsuit against Defendants Upsolve, Pavuluri, Harvard College, Yale University, Y Combinator Management, LLC, and Eric Emerson Schmidt in the Circuit Court of the 18th Judicial Circuit, Brevard County, Florida. Copies of the Plaintiffs' Complaint / Petition for Injunctive Relief and all other papers on file with the state court are attached to this Notice of Removal as Exhibit 1. 28 U.S.C. § 1446(a).

2. This removal is based on this Court's original subject matter jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11," the United States Bankruptcy Code. 28 U.S.C. § 1334(b).

3. This removal is made pursuant to 28 U.S.C. § 1452(a), which permits the removal of "any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." This removal is limited to all claims and causes of action asserted in by Plaintiff John Doe No. 2 against Defendants Upsolve and Pavuluri only, all of which are related to Doe 2's Chapter 7 bankruptcy proceeding, which the Lawsuit alleges was filed and remains pending in the U.S. Bankruptcy Court for the Eastern District of New York. *See* Exhibit 1, Complaint ¶¶ 25-26, 28.

4. Defendant Upsolve is a nonprofit 501(c)(3) organization based in New York City. Upsolve provides a free, online computer application that allows individuals who meet Upsolve's eligibility criteria to prepare and file Chapter 7 bankruptcy petition for themselves. Like LegalZoom, Rocket Lawyer, and other self-

help legal document services, Upsolve provides access to an online resource that provides visitors general information about the law and access to document-preparation software that qualified individuals may use to prepare their own bankruptcy documents. Upsolve does not give individuals legal advice or represent them in court. Among many other accolades, Upsolve was named one of the "100 Best Inventions of 2020" by *Time* magazine.[1] Defendant Pavuluri is Upsolve's co-founder, former CEO, and is now serving as a volunteer board member.

5. Plaintiff John Doe No. 2 ("Doe No. 2") alleges that he is a United States citizen domiciled in the Philippines. Exhibit 1, Complaint ¶ 11. He claims that, after being fired from a document review job, he suffered financial difficulties. *Id*. ¶ 23. He claims he was induced by Upsolve into filing bankruptcy, and that on December 23, 2020, "due to Upsolve," he filed a chapter 7 bankruptcy petition in Brooklyn, New York. *Id*. ¶¶ 24-27. Doe No. 2 makes numerous (hyperbolic and false) complaints about Upsolve's business model, software, and services, claiming that due to "Upsolve's shambolic products and services, two years later John Doe No. 2 is still stuck in chapter 7." *Id*. ¶ 26. He claims Upsolve misled him into filing a Chapter 7 bankruptcy in New York, was negligent in its software, training, and bankruptcy qualification, did not advise him as to "which jurisdictions were debtor-friendly" or that bankruptcy judges "prefer hearing arguments from and are more persuaded by actual bankruptcy counsel" "as opposed to pro se debtors," and various other matters.

---

[1] https://time.com/collection/best-inventions-2020/5911367/upsolve/.

*Id*. ¶¶ 27-31.

6.  Plaintiff John Doe No. 1 alleges he is a Florida attorney who "had a contractual business relationship with John Doe No. 2," that he "opposed John Doe No. 2's bankruptcy filing," and that he advised John Doe No. 2 to file for bankruptcy in Florida. Exhibit 1, Complaint ¶¶ 45, 10, 21. He alleges Upsolve tortiously interfered with his contractual relationship with John Doe No. 2. *Id*. ¶ 47.

7.  The Lawsuit gives no explanation why the Plaintiffs are proceeding under pseudonyms. However, based on a pre-lawsuit threat letter Upsolve received from the lawyer who filed this lawsuit, Upsolve is confident that "John Doe No. 1" is that lawyer, Christopher T. Beres, and that "John Doe No. 2" is Andrew Delaney. *See* Exhibit 2, attached. Contrary to his claim of legal ignorance, John Doe No. 1/Delaney is a Harvard Law School graduate who was admitted to the New York Bar in 1989. Exhibit 3, attached.

8.  Delaney's bankruptcy case is pending in the United States Bankruptcy Court for the Eastern District of New York (Brooklyn), No. 1-20-44372-jmm. Exhibit 3, attached. Confirming the identities of the "John Does," Beres represented Delaney in his bankruptcy case between June 16, 2021, and October 6, 2021, before withdrawing because he was not being paid. *Id*.

9.  Because John Doe No. 2/Delaney's claims against Upsolve and Pavuluri are based on alleged acts and omissions that allegedly led to his filing of a bankruptcy petition, those claims arose in and/or are related to a case under title 11, giving this Court jurisdiction pursuant to Section 1334 and making those claims subject to

removal pursuant to Section 1445(a). *See In re Alvarez*, 224 F.3d 1273, 1275 (11th Cir. 2000) (affirming dismissal of legal malpractice claim filed by Chapter 7 petition in state court against bankruptcy counsel, following Section 1445(a) removal of lawsuit to federal court).

10. Upsolve was served with the initial pleading in this case on May 8, 2023. Pavuluri has not been served. This Notice of Removal is timely because it is filed less than thirty days after service on Upsolve. 28 U.S.C. § 1446(b)(1).

11. Removal to this District is proper because the state court action is pending in Brevard County, Florida. 28 U.S.C. § 1452(a).

12. Upsolve is giving written notice of the filing of this Notice of Removal to Plaintiffs' counsel and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the 19th Judicial District, Brevard County, Florida.

WHEREFORE, PREMISES CONSIDERED, Defendant Upsolve, Inc., hereby removes all claims and causes of action asserted by John Doe No. 2 against Upsolve and Rohan Pavuluri from the Circuit Court of the 18th Judicial District, Brevard County, Florida, to this Court.

                              GRAYROBINSON, P.A.

By:   */s/ Alec D. Russell*_____
      ALEC D. RUSSELL, ESQ.
      Florida Bar No. 0248134
      1795 W. NASA Blvd.
      Melbourne, FL 32901
      (321) 727-8100
      Alec.Russell@gray-robinson.com

By: */s/ Peter D. Kennedy*
Peter D. Kennedy
State Bar No. 11296650
pkennedy@gdhm.com
*Pro hac vice motion pending*
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
(512) 480-5764 (Telephone)
(512) 536-9908 (Fax)

**ATTORNEYS FOR DEFENDANT UPSOLVE, INC.**

MAY 26, 2023

# EXHIBITS

1. Complaint / Petition for Injunctive Relief and all other pleadings on file in *John Doe No. 1, et al. v. Upsolve, Inc., et al.*, No. 05-2023-CA-018273, in the Circuit Court of the 18th Judicial District, Brevard County, Florida.

2. November 28, 2022, letter from Christopher T. Beres to Upsolve, Inc., and thirteen other parties threatening to file lawsuit on behalf of Andrew Delaney.

3. Screen capture from New York State Unified Court System website reflecting Andrew John Delaney's registration as attorney.

4. Docket sheet in *In re Andrew John Delaney*, No. 1-20-44372-jmm, United States Bankruptcy Court, Eastern District of New York (Brooklyn), as of May 22, 2023.