# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JOHN DOE NO. 1; and JOHN DOE NO. 2,<br><br>    Plaintiffs,<br><br>    v.<br><br>UPSOLVE, INC.; ROHAN PAVULURI; PRESIDENT AND FELLOWS OF HARVARD COLLEGE; YALE UNIVERSITY; Y COMBINATOR MANAGEMENT, LLC; and ERIC EMERSON SCHMIDT,<br><br>    Defendants. | Case No. 6:23-cv-975-CEM-RMN |

## **ORDER**

This cause is before Court on regular review of the docket. Plaintiffs filed the Complaint in this matter using pseudonyms. They have not disclosed their identities to the Court or sought leave to proceed in this way.

Federal Rule of Civil Procedure 10(a) provides that, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of Complaint must name all the parties; the title of the other pleadings, after naming the party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a). Although Rule 10(a)'s

inclusion of the mandative word, "must," would yield an all-out ban on any party seeking to proceed with a pseudonym, courts have permitted pseudonymous litigation in limited circumstances. It is Plaintiffs' burden to show why, under the factors arrayed in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)[1], and further expounded upon by the Eleventh Circuit in later opinions, the Court should grant them leave to proceed under a pseudonym. *See, e.g.*, *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (setting forth factors for district courts to weigh when deciding a motion to proceed under pseudonym).

Plaintiffs have not sought leave to proceed under a pseudonym. They must do so before seeking other relief from the Court.

Upon consideration, it is **ORDERED** that Plaintiffs are **DIRECTED** to file a Motion for Leave to Proceed Under Pseudonym if they choose to prosecute their claims in this manner. To facilitate the Court's consideration of that issue, Plaintiffs shall support any such motion with a declaration that establishes the harm that they believe they will suffer if their identity is revealed and any other information they deem relevant to these proceedings.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

**DONE** and **ORDERED** in Orlando, Florida, on June 13, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record