IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| JOHN DOE NO. 2, | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | Case No. 6:23-cv-00975 |
| UPSOLVE, INC. and ROHAN PAVULURI, | § § § § | |
| Defendants. | § § | |

**AMENDED MOTION TO DISMISS FOR LACK OF STANDING
OR, IN THE ALTERNATIVE, TO TRANSFER**
*(Amended to add Local Rule 3.01(g) Certification)*

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Upsolve, Inc. ("Upsolve") moves to dismiss John Doe No. 2's claims for lack of standing or, in the alternative, for transfer the United States District Court for the Eastern District of New York, Brooklyn Division.

**I.    Introduction and summary.**

Plaintiff John Doe No. 2, a resident of the Philippines, sued New York-based Defendants Upsolve and Rohan Pavuluri in Florida state court, alleging he was harmed by using Upsolve's self-help document software to prepare and file his *pro se* Chapter 7 bankruptcy petition in the Eastern District of New York.

#50602347 v1

Upsolve removed those claims to this Court pursuant to 28 U.S.C. § 1452 because they relate to his ongoing bankruptcy proceeding. Upsolve now moves to dismiss those claims because they belong to the Chapter 7 estate and must be pursued (if at all) by the Chapter 7 trustee, not John Doe No. 2 personally. In the alternative, Upsolve moves to transfer John Doe No. 2's claims to the U.S. District Court for the Eastern District of New York, Brooklyn Division, which is where his bankruptcy proceeding is pending and which is a far more convenient and appropriate venue.

## II. The nature of John Doe No. 2's claims against Upsolve and Pavuluri.

Plaintiff John Doe No. 2 alleges that he is a U.S. citizen residing in the Philippines. Ex. 1 ¶ 11. Upsolve is a non-profit corporation located in New York City. *Id.* ¶ 12. Upsolve provides an online software tool that enables individuals to prepare their own *pro se* Chapter 7 bankruptcy petitions, similar to LegalZoom or TurboTax. *Id.* Ex. 4. Pavuluri co-founded Upsolve. *Id.* Ex. 5.

John Doe No. 2 alleges that Upsolve "induced" and "misled" him into using its software to prepare a *pro se* Chapter 7 bankruptcy petition, which he filed on December 23, 2020, in Brooklyn, New York. Ex. 1 ¶¶ 24-25, 28. He claims to be "still stuck in chapter 7." *Id.* ¶ 26. He alleges that, before he filed, Upsolve did not warn him "that chapter 7 cases were dragging on in Brooklyn for 'too long,'" did not inform him "as to which jurisdictions were debtor-friendly," or that "courts prefer hearing arguments from and are more persuaded by bankruptcy counsel … as

opposed to pro se debtors." *Id.* ¶ 29-30. He alleges that, prior to his filing for bankruptcy, Upsolve made various misrepresentations and omissions, such as not explaining "that bankruptcy was adversarial," that creditors' counsel "could use it to harass him," that "it would hurt his bar applications," that "he would incur high legal fees," "that there would be costs for the trustee," and that "he would have to appeal every order." *Id.* ¶ 31. He claims Upsolve made various other representations and/or omissions that induced him to use its service and file Chapter 7 in New York. *Id.* ¶¶ 33-42.[1]

John Doe No. 2's complaint attempts to allege a variety of claims under Florida law (despite not being a Florida resident), including "Legal Malpractice," against Upsolve and Pavuluri, all based on his claim to have been fraudulently induced into using Upsolve's service to file a Chapter 7 petition in the Eastern District of New York, Brooklyn Division. Ex. 1 ¶¶ 43-140. He demands "[m]onetary damages in excess of $2,000,000. *Id.* at 24.

---

[1] Although they may be accepted as true for purposes of this motion, John Doe No. 2's allegations are false. In truth, John Doe No. 2 is a Harvard Law School-educated attorney who has practiced law for over thirty years. He is a serial vexatious litigant. As Upsolve will show, if necessary, his problems in his bankruptcy proceeding have been self-inflicted wounds caused by his misrepresentations to the Court about his residence, his failure to disclose assets, his inconsistent statements about those assets, and his insistence on pursuing fruitless appeals of adverse rulings, among other vexatious litigation tactics. His refusal to put his name on this lawsuit appears to be yet another attempt to hide an "asset" of his estate from the Chapter 7 trustee.

Amended Motion to Dismiss or, in the Alternative, to Transfer– Page 3
#50602347 v1

### III. The Court should dismiss John Doe 2's claims because, as a Chapter 7 bankruptcy debtor, he lacks standing to pursue them.

When John Doe No. 2 filed his bankruptcy petition, a Chapter 7 estate was created. 11 U.S.C. § 541(a) ("The commencement of a case under section 301 … of this title creates an estate."); *In re Alvarez*, 224 F.3d 1273, 1277 (11th Cir. 2000) ("At the moment Alvarez's bankruptcy petition was filed, his Chapter 7 bankruptcy estate was created … ."). That estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "This definition is very broad, and includes causes of action belonging to the debtor at the commencement of the case." *In re Alipour*, 252 B.R. 230, 233 (M.D. Fla. 2000) (quoting *In re Swift*, 129 F.3d 792, 795 (5th Cir. 1997)). Accordingly, any cause of action that accrued prior to, or upon, the filing of a Chapter 7 proceeding belongs to the estate. *Id*.

The Chapter 7 trustee, not the debtor, controls the bankruptcy estate. *In re Alvarez*, 224 F.3d at 1277 (creation of estate results in debtor's "loss of ownership and control of his assets upon the bankruptcy filing"). The trustee's duty is "liquidating the assets in the debtor's bankruptcy estate with the goal of satisfying as many of the creditors' claims as possible." *Id*. at 1277 n. 9. "It is well-settled that causes of action which have accrued prior to bankruptcy become part of the bankruptcy estate. *Id*. at 1278 n. 12 (citing *Venn v. St. Paul Fire and Marine Ins. Co.*, 99 F.3d 1058, 1064 n. 10 (11th Cir. 1996) and *Miller v. Shallowford Community*

*Hosp., Inc.*, 767 F.2d 1556, 1559 (11th Cir. 1985)).

It is also well settled that claims related to the preparation and filing of a Chapter 7, whether denominated malpractice or otherwise, are property of the estate, not property of the debtor. For instance, in *In re Alvarez*, a Chapter 7 debtor brought a legal malpractice claim against his bankruptcy counsel, alleging that his lawyer negligently ignored his instruction to file a Chapter 11 reorganization case, rather than a Chapter 7 liquidation case. 224 F.3d at 1275. The Eleventh Circuit held that the claim accrued "at the precise moment his Chapter 7 petition was filed." *Id.* at 1277. Because the claim arose simultaneously with the filing of the petition, the claim was "property of the estate under § 541." *Id.* at 1278. The Court therefore affirmed the district court's dismissal of the debtor's claim because the "cause of action at issue is property of Alvarez's bankruptcy estate," and only the trustee in bankruptcy had standing to pursue the claim. *Id.* at 1280. *See also In re Richman*, 117 F.3d 1414, 1997 WL 360644, at *1 (4th Cir. 1997) ("Any legal malpractice claim arising from the appellees' advisement and handling of the Richmans' bankruptcy proceeding is properly characterized as property of the estate."); *In re Cantu*, 784 F.3d 253, 260-61 (5th Cir. 2015) (settlement proceeds from malpractice lawsuit that arose prior to conversion of bankruptcy case to Chapter 7 belong to estate, not debtor); *In re Alipour*, 252 B.R. at 232-36 (prepetition malpractice claim is property of the estate, not Chapter 7 debtor).

Amended Motion to Dismiss or, in the Alternative, to Transfer– Page 5
#50602347 v1

The same is true for John Doe No. 2's claims against Upsolve and Pavuluri. He alleges they committed various acts and omissions that misled him into filing a *pro se* Chapter 7 petition, which he alleges then made him "far worse off they he otherwise would have been. Ex. 1 ¶ 19. Such a claim belongs to the bankruptcy estate, not him. *In re Alvarez*, 224 F.3d at 1277. Because the claims against Upsolve and Pavuluri are property of the estate, they may only be pursued by the trustee, not the debtor. *Id.* The trustee is not party to this lawsuit. Ex. 1. John Doe No. 2's claims must therefore be dismissed. *Id*

## IV. In the alternative, the Court should transfer this case to the Eastern District of New York, where John Doe No. 2's bankruptcy case is pending.

John Doe No. 2's lack of standing to pursue claims against Upsolve and Pavuluri is clear, warranting dismissal with no further proceedings. But, in the alterative, Upsolve moves, in the interest of justice and for the convenience of the parties, this Court to transfer those claims under 28 U.S.C. § 1404(a) to the proper forum, the Eastern District of New York, Brooklyn Division.

A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice," "transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The first step is to determine whether the action could have been brought in the venue in which transfer is sought. *Osgood v. Discount Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263 (S.D. Fla. 2013).

This proceeding could have been filed in New York, where Upsolve and Pavuluri are located. Ex. 1 ¶¶ 12-13.

The second step is to assess whether convenience and the interest of justice require transfer to the requested forum, based on a set of factors, including "(1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Osgood*, at 1263-64. These factors strongly support transfer:

- The relevant witnesses are either overseas (John Doe No. 2) or in New York, where Upsolve, Pavuluri, and John Doe No. 2's bankruptcy case are all located.

- Any documents relevant to the claims are located there, as well, at Upsolve's New York office or in the docket of the Eastern District of New York.

- It is far more convenient for Upsolve and Pavuluri to litigate this case in New York, where they are located, than in Florida. For John Doe No. 2, travel to New York City is as easy, or easier, than it is to the Middle District of Florida.

- The facts happened online and in New York; John Doe No. 2 alleges no action he or Upsolve took that occurred in Florida.

- Because U.S. witnesses are in New York, compelling unwilling ones will be easier if the case is transferred.

- Transferring to New York would save costs for Upsolve, a non-profit, and would not materially impact the cost to John Doe No. 2, who alleges no connection to Florida but who chose to file his bankruptcy case in New York.

- Although John Doe No. 2's petition purports to allege claims under Florida law, it states no basis for applying that law, given that he claims no connection to the state, and Upsolve, Pavuluri, and John Doe No. 2's bankruptcy case are all in New York.

- The plaintiff's choice of forum is entitled to no deference here, because he alleges no personal connection to Florida.

- Finally, were this case to be tried, it would be far more efficient to do so in New York, given that the crux of John Doe No. 2's claim are the alleged problems he has encountered in his New York bankruptcy proceeding. While he blames those problems on Upsolve, Upsolve will be able to show from the Bankruptcy Court docket that those problems were self-inflicted; either way, access to documents and witnesses with knowledge of his bankruptcy proceedings will be far more effective and efficient in New York than in Florida.

- The facts happened online and in New York; John Doe No. 2 alleges no action he or Upsolve took that occurred in Florida.

- Because U.S. witnesses are in New York, compelling unwilling ones will be easier if the case is transferred.

- Transferring to New York would save costs for Upsolve, a non-profit, and would not materially impact the cost to John Doe No. 2, who alleges no connection to Florida but who chose to file his bankruptcy case in New York.

- Although John Doe No. 2's petition purports to allege claims under Florida law, it states no basis for applying that law, given that he claims no connection to the state, and Upsolve, Pavuluri, and John Doe No. 2's bankruptcy case are all in New York.

- The plaintiff's choice of forum is entitled to no deference here, because he alleges no personal connection to Florida.

- Finally, were this case to be tried, it would be far more efficient to do so in New York, given that the crux of John Doe No. 2's claim are the alleged problems he has encountered in his New York bankruptcy proceeding. While he blames those problems on Upsolve, Upsolve will be able to show from the Bankruptcy Court docket that those problems were self-inflicted; either way, access to documents and witnesses with knowledge of his bankruptcy proceedings will be far more effective and efficient in New York than in Florida.

## IV. Conclusion and prayer.

For these reasons, Defendant Upsolve, Inc., respectfully requests that this Court dismiss the Plaintiff's claims. In the alternative, Defendant requests that the Court transfer this case to the Eastern District of New York, Brooklyn Division. Defendant further prays that this Court grant such other relief to which it may be justly entitled.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that he has tried diligently for three days (June 6, 7, and 8, 2023) to contact Andrew Delaney, who is believed to be Plaintiff, "John Doe No. 2," to confer in a good faith effort to resolve this Motion. The attorney who represents Mr. Delaney in a related state court case has advised that he does not represent Mr. Delaney in connection with the removed claims, so the undersigned attempted to contact Mr. Delaney daily by telephone at (011) 63-94-2677-8826 and via email at orchrd@hotmail.com, both of which were listed as Mr. Delaney's contact information in his May 20, 2023 filing in the United States Bankruptcy Court for the Eastern District of New York. However, Mr. Delaney has not answered his phone or responded to any emails, nor has the undersigned received any email delivery failure notifications, so this Amended Motion to Dismiss has not been resolved in whole or in part.

Respectfully submitted,

*/s/ Alec Russell*
**Alec D. Russell, Esq.**
GRAYROBINSON, P.A.
Florida Bar No. 0248134
1795 W. NASA Blvd.
Melbourne, FL 32901
(321) 727-8100
Primary Email: alec.russell@gray-robinson.com
Secondary Email:
tonimarie.dalessandro@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2023, a true and correct copy of Defendant Upsolve's Amended Motion to Dismiss for Lack of Standing or, in the Alternative, to Transfer which was electronically filed with the Clerk of Court via the CM/ECF filing system, was also sent via U.S. Mail and via email to:

John Doe No. 2
Sen. Gil Puyat Avenue
Makati Central Post Office 1057
Brgy. San Antonio
Makati 1250
Republic of the Philippines

Andrew John Delaney
330-340 Baychester Ave. # 1009
Bronx, N.Y. 10475, at orchrd@hotmail.com

*/s/ Alec Russell*
**Alec D. Russell, Esq.**