IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOHN DOE NO. 2, | § |
| | § |
| Plaintiffs, | § |
| | § |
| vs. | § Case No. 6:23-cv-975-CEM-RMN |
| | § |
| UPSOLVE, INC., and | § |
| ROHAN PAVULURI, | § |
| | § |
| Defendants. | § |

**DEFENDANT UPSOLVE, INC.'S ADVISORY TO COURT
REGARDING SCOPE OF REMOVAL OF CLAIMS TO THIS COURT
AND REQUEST TO REMOVE NON-PARTIES FROM CASE DOCKET**

TO THE HONORABLE JUDGE OF THIS COURT:

This Court entered an Order on June 13, 2023, requiring that the "John Doe" plaintiffs either disclose their identities or file a motion for leave to proceed under pseudonyms. Doc. 12. Defendant Upsolve, Inc., agrees that a party wishing to proceed in federal court under a pseudonym may only do so under limited circumstances. However, the Court's Order is addressed to both "John Doe No. 1" and "John Doe No. 2," which prompts Upsolve to file this Advisory to the Court to emphasize that its Notice of Removal was limited to the claims of John Doe No. 2 against Upsolve and its co-founder Rohan Pavuluri only; the other claims remain pending in state court. *See* Doc. 1 at 1.

/17902/1#50713239 v1

Although removal based on *federal question* or *diversity* jurisdiction grounds typically brings the entire case from state to federal court, a removal pursuant *bankruptcy* jurisdiction may be limited to particular claims. While the general removal under Section 1441(a) provides for removal of "any civil action brought in a State court of which the district courts … have original jurisdiction," the bankruptcy removal statute permits a defendant to remove "any claim or cause of action in a civil action" filed in state court. 28 U.S.C. § 1452(a). Although the entire state court case may be removed under Section 1452(a) if all claims touch on administration of the bankruptcy estate, the statute's language also "permits removal of only some claims, leaving the remainder for litigation in the other forum." *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, No. CIV. A. H-01-3624, 2005 WL 6220721, at *1 (S.D. Tex. July 25, 2005) (citing *In re Northwood Flavors, Inc.,* 202 B.R. 63, 67 (Bankr. W.D. Pa.1996); *Johndrow v. General Motors Corp.,* 286 B.R. 133, 134 (Bankr. E.D. Mo.2002); *In re Princess Louise Corp.,* 77 B.R. 766, 771 (C.D. Cal.1987)).

When removal is based on the federal court's bankruptcy jurisdiction, the removing party's notice of removal determines the scope of claims brought to federal court. *E.g., In re Princess Louise Corp.*, 77 B.R. 766, 771 (Bankr. C.D. Cal. 1987) ("the scope of what is removed from state court to the bankruptcy court is determined by the removal petition"). "To determine the extent of what has been removed from

its jurisdiction, a state court need consult only the removal petition, a copy of which is filed with the state court to make the removal effective." *Id*. This rule is recognized in both federal and state court. *E.g.*, *J.P. Morgan Chase Bank, N.A. v. Del Mar Properties, L.P.*, 443 S.W.3d 455, 461-62 (Tex. App. – El Paso 2014, no pet.) (citing *In re Princess Louise Corp.*).

Upsolve's Notice of Removal was limited to "all claims and causes of action asserted by John Doe No. 2 against Upsolve and Defendant Rohan Pavuluri," Doc. 1 at 1, rather than all claims and all parties. *See also* Doc. 1 ¶ 3 ("This removal is limited to all claims and causes of action asserted by Plaintiff John Doe No. 2 against Defendants and Pavuluri only … ."). Because the notice of removal determines the scope of claims and parties brought into federal court, the only proper parties in this federal action are Plaintiff John Doe No. 2 and Defendants Upsolve and Pavuluri, and the only claims pending in this Court are those asserted by John Doe No. 2 against Upsolve and Pavuluri. *In re Princess Louise Corp.*, 77 B.R. at 771. John Doe No. 2's claims against the other state court defendants remain pending in state court, along with John Doe No. 1's claims against all defendants.

The Clerk has erroneously docketed Doe No. 1 as a plaintiff and Harvard College, Yale University, Y Combinator and Eric Schmidt as defendants, although they were not encompassed in the claims removed pursuant to the Notice of Removal. Upsolve may have unintentionally created this confusion by initially

including the entire state court caption and by naming all counsel that have appeared in the state court in its Certificate of Service.  *See* Doc. 1.  Therefore, to avoid any confusion or uncertainty on the part of these non-parties and the state court, Upsolve respectfully requests that the Court direct the District Clerk remove those names from the case docket.

Respectfully submitted,

*/s/ Peter D. Kennedy*
**Peter D. Kennedy | Shareholder**
Graves Dougherty Hearon & Moody
Texas Bar No. 11296650
401 Congress Avenue, Suite 2700
Austin, Texas 78701
(512) 480-5764
Primary email PKennedy@gdhm.com
Secondary email: NKarnes@gdhm.com

*/s/ Alec Russell*
**Alec D. Russell, Esq.**
GRAYROBINSON, P.A.
Florida Bar No. 0248134
1795 W. NASA Blvd.
Melbourne, FL 32901
 (321) 727-8100
Primary Email: alec.russell@gray-robinson.com
Secondary Email:
tonimarie.dalessandro@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2023, a true and correct copy of the foregoing which was electronically filed with the Clerk of Court via the CM/ECF filing system, was also sent via U.S. Mail and via email to:

John Doe No. 2
Sen. Gil Puyat Avenue
Makati Central Post Office 1057
Brgy. San Antonio
Makati 1250
Republic of the Philippines

Andrew John Delaney
330-340 Baychester Ave. # 1009
Bronx, N.Y. 10475, at orchrd@hotmail.com

*/s/ Alec Russell*
**Alec D. Russell, Esq.**
GRAYROBINSON, P.A.
Florida Bar No. 0248134
1795 W. NASA Blvd.
Melbourne, FL 32901
 (321) 727-8100
Primary Email: alec.russell@gray-robinson.com
Secondary Email:
tonimarie.dalessandro@gray-robinson.com