UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN DOE NO. 1 and JOHN DOE NO. 2,**

      Plaintiffs,

v.                          Case No. 6:23-cv-975-CEM-RMN

**UPSOLVE, INC., ROHAN PAVULURI, PRESIDENT AND FELLOWS OF HARVARD COLLEGE, YALE UNIVERSITY, Y COMBINATOR MANAGEMENT, LLC, and ERIC EMERSON SCHMIDT,**

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendant Upsolve, Inc.'s ("Upsolve") Motion to Dismiss for Lack of Standing or, in the Alternative, to Transfer (Doc. 13); Defendants' Unopposed Emergency Motion for Clarification ("Motion for Clarification, Doc. 20) filed by Defendants President and Fellows of Harvard College, Yale University, and Y Combinator Management, LLC's (collectively,

"Non-Removing Defendants"); and John Doe No. 2's Motion to Remand ("Motion to Remand," Doc. 21).[1]

Plaintiffs filed a Complaint (Doc. 1-1) in state court against Defendants, alleging various claims related to "[D]efendants' handling of John Doe No. 2's bankruptcy petition and case from 2021-2023," (*id.* at 7–8). Upsolve removed here "all claims and causes of action asserted by John Doe No. 2 against Upsolve and Defendant Rohan Pavuluri," pursuant to 28 U.S.C. §§ 1334 and 1452. (Notice of Removal, Doc. 1, at 1).

Upon removal, the Court entered an Order (Doc. 12) directing Plaintiffs "to file a Motion for Leave to Proceed Under Pseudonym if they choose to prosecute their claims in this manner," (*id.* at 2). In response, Upsolve filed an Advisory to Court (Doc. 19), noting that Upsolve's removal "was limited to the claims of John Doe No. 2 against Upsolve and [Pavuluri] only; the other claims remain pending in state court," (*id.* at 1).

Having reviewed the record, the Court first considers the Non-Removing Defendants' Motion for Clarification, which seeks clarification as to whether they are parties to the action removed here. Section 1452(a) permits removal of "any claim or cause of action in a civil action," with exceptions that do not apply here, if

---

[1] These motions are not yet ripe, but due to procedural issues with the case, the Court finds it most judicially efficient to address the issues prior to these motions becoming ripe.

the "district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334, which governs bankruptcy cases and proceedings, provides, in part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Unlike ordinary removal under section 1441(a), which allows removal of "any civil action" from state court if the federal court has original jurisdiction, section 1452 permits removal of "a particular 'claim or cause of action' that touches on the administration of a bankruptcy estate," *Ret. Sys. of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1264 (M.D. Ala. 2002) (quoting 28 U.S.C. § 1452(a)). Based on the Notice of Removal and Upsolve's Advisory to Court, it is clear that the claims against the Non-Removing Defendants have not been removed here and remain pending in state court. Therefore, the Non-Removing Defendants' Motion for Clarification will be granted, and the Court will direct the Clerk to terminate these Defendants.

Additionally, the claims against Defendant Eric Emerson Schmidt, who was not a party to the Non-Removing Defendants' Motion for Clarification, have not been removed here and remain pending in state court. Nor have any claims brought by John Doe No. 1 been removed here. Therefore, the Court will also direct the Clerk to terminate John Doe No. 1 and Schmidt as parties.

The removal of the claims by John Doe No. 2, however, requires further clarification. The Notice of Removal purports to remove all claims by John Doe No. 2 against Upsolve and Pavuluri, but it is filed and signed by only counsel for Upsolve. (Doc. 1 at 1, 5–6). It is at least questionable as to whether section 1452 allows for "a defendant to remove a claim against another defendant." *Ret. Sys. of Ala.*, 209 F. Supp. 2d at 1264. Thus, without any indication from Pavuluri that he consented to the removal of John Doe No. 2's claims against him, it appears that those claims may not have been properly removed. Therefore, Pavuluri must provide notice to the Court as to whether he consents to the removal of the claims by John Doe No. 2 against him.

As to claims removed by John Doe No. 2, the Court did not give him a deadline by which to file a Motion for Leave to Proceed Under Pseudonym. However, since the time of the Court's Order, John Doe No. 2 filed a pro se Motion to Remand, which he signed with his name, Andrew Delaney. (Doc. 21 at 13). From this non-anonymous filing, the Court finds that there is no basis for John Doe No. 2 to proceed anonymously. Therefore, the Clerk will be directed to amend the case style to indicate that John Doe No. 2 is Andrew Delaney.

Delaney's Motion to Remand is also procedurally defective. As indicated above, Delaney filed and signed the Motion to Remand pro se. However, Delaney is represented by counsel, who filed and signed the Complaint in state court. (*See* Doc.

1-1 at 31). The Eleventh Circuit "ha[s] repeatedly held that an individual does not have a right to hybrid representation." *United States v. Tannehill*, 305 F. App'x 612, 614 (11th Cir. 2008) (citing *United States v. Cross*, 893 F.2d 1287, 1291–92 (11th Cir. 1990)). Furthermore, "[w]hether 'to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court.'" *Id.* (quoting *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987)). In the Middle District of Florida, Local Rule 2.02(b)(3) governs, which states: "If a lawyer represents a person in an action, the person can appear through the lawyer only." Delaney is represented by counsel, so his pro se Motion to Remand will be stricken.

This brings the Court to one final issue, which the Court raises *sua sponte*.[2] Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).

---

[2] The Court may raise a shotgun pleading issue *sua sponte*. *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998).

The Eleventh Circuit has defined four types of shotgun pleadings. The type applicable here "is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Here, the Complaint includes factual allegations vaguely directed towards all Defendants without specifying how each of them are responsible for the alleged actions. (*See generally* Doc. 1-1 at 10–16). Each count then appears to be brought against all Defendants without sufficient factual support of such alleged liability. (*See generally id.* at 16–30). Therefore, the Complaint will be dismissed as a shotgun pleading with leave to amend. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading[ and] is represented by counsel, . . . a district court must *sua sponte* give [it] one chance to replead before dismissing [its] case with prejudice on non-merits shotgun pleading grounds.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants President and Fellows of Harvard College, Yale University, and Y Combinator Management, LLC's Unopposed Emergency Motion for Clarification (Doc. 20) is **GRANTED**.

    a. The Clerk is directed to terminate President and Fellows of Harvard College; Yale University; and Y Combinator

      Management, LLC as Defendants and to amend the case style accordingly.

2. The Clerk is also directed to terminate John Doe No. 1 as a Plaintiff and Defendant Eric Emerson Schmidt as a Defendant and to amend the case style accordingly.

3. The Clerk is directed to amend the case style to indicate that John Doe No. 2 is Andrew Delaney.

4. The Complaint, to the extent that Plaintiff Andrew Delany alleges claims against Defendants Upsolve, Inc. and Rohan Pavuluri, is **DISMISSED as a shotgun pleading**.

5. Defendant Upsolve, Inc.'s Motion to Dismiss for Lack of Standing or, in the Alternative, to Transfer (Doc. 13) is **DENIED as moot**.

6. Plaintiff John Doe No. 2's Motion to Remand (Doc. 21) is **STRICKEN**.

7. **On or before June 29, 2023,** Defendant Rohan Pavuluri shall file a notice on the docket indicating whether he consents to the removal of John Doe No. 2's (Andrew Delaney's) claims against him.

8. **On or before July 6, 2023**, John Doe No. 2 may file an Amended Complaint including only those claims removed here, which addresses

the pleading deficiencies outlined in this Order. Failure to do so will result in closure of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on June 22, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record