UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW DELANEY,

    Plaintiff,

v.

UPSOLVE, INC. and ROHAN PAVULURI,

    Defendants.

Case No. 6:23-cv-975-CEM-RMN

## REPORT AND RECOMMENDATION

    This cause comes on for consideration on the Motion for Leave to Appeal In Forma Pauperis (Dkt. 35), filed on August 19, 2023, by Plaintiff Andrew Delaney. I held a hearing on the motion on August 31, 2023. Dkt. 46. Mr. Delaney's counsel, Christopher T. Beres, did not appear at the hearing as directed. *Id*. Mr. Delaney appeared telephonically. *Id*. At the hearing, I advised counsel and Mr. Delaney that the motion for leave to appeal in forma pauperis is procedurally improper because Mr. Delaney is represented by counsel. I also advised them that I intended to enter a Report and Recommendation recommending that the Court deny the motion.

    As the Court noted in a prior Order, Mr. Delaney is represented by counsel in this matter. *See* Dkt. 24 at 4–8. The Court also advised Mr. Delaney

that the Eleventh Circuit "ha[s] repeatedly held that an individual does not have a right to hybrid representation" and the decision "[w]hether 'to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court.'" *Id.* at 5 (quoting *United States v. Tannehill*, 305 F. App'x 612, 614 (11th Cir. 2008)). The Court advised Mr. Delaney further that, under Local Rule 2.02(b)(3), he can only appear before this Court through counsel. *Id.* For these reasons, the Court struck Mr. Delaney's procedurally defective motion to remand. *Id.*

The Court then struck a Notice of Termination of Counsel that was filed later by Mr. Delaney. Dkts. 27, 28. In so doing, the Court directed counsel to file a motion and comply with Local Rule 2.02(c) if counsel wishes to withdraw. Dkt. 28. The Court also advised Mr. Delaney that, unless and until any such motion is granted, counsel represents Mr. Delaney in this matter. *Id.*

Despite these admonishments, Mr. Delaney filed a Motion for Leave to Appeal In Forma Pauperis pro se. Dkt. 35. The Court should deny this motion for the same reasons it struck Mr. Delaney's motion to remand and his prior notice. Plaintiff is represented in this matter by counsel. He can only appear in this case through counsel unless the Court grants him leave to appear in a hybrid fashion. But the Court has recently declined to exercise its discretion to allow Mr. Delaney to appear in that way, and there are no compelling reasons to revise that decision now.

Mr. Beres has represented Mr. Delaney in at least three other lawsuits. In one, counsel represented that Mr. Delaney is an attorney who graduated from Harvard Law School. *See Beres v. Tax Analysts*, No. 0:21-cv-62588-RKA (S.D. Fla.), docket entry 28. As a lawyer, Mr. Delaney should know better than to continue submitting documents pro se after the Court has twice advised him he cannot do so. Mr. Delaney is admonished for continuing to file documents in this case contrary to the Court's direction.

I recommend the Court deny the motion on its merits as well. The financial information attested to in the application under penalty of perjury rings false for two reasons. First, Mr. Delaney paid the filing fee in state court. *See* Dkt. 1-1 at 2. Second, the application is internally inconsistent. Mr. Delaney claims to have no income or assets, yet he also claims to be spending more than $4,900 in monthly expenses, including costs for utilities (which presumes some form of home ownership, rental arrangement, or similar arrangement), food, clothing, laundry, medical expenses, transportation, and recreation. *See* Dkt. 35 at 4–5. It obviously costs money to live, and Mr. Delaney should explain how he is paying more than $4,900 in monthly expenses without income or assets. He should describe how he gets the money to pay for those expenses (to include income from any family members who may reside with him or contribute to paying his expenses) and disclose (under

oath) whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution.

Furthermore, the motion is governed by Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915, which require a showing before the trial court that "good faith" exists to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(2); *see also* 28 U.S.C. § 1915(a)(3). "Good faith" is demonstrated when a movant seeks appellate review of any non-frivolous issues. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). An appeal is frivolous if it is without arguable merit in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Where a claim is arguable, but "ultimately will be unsuccessful," the claim should survive a frivolity review. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Mr. Delaney has not identified any non-frivolous grounds for appeal of the Court's June 22, 2023 Order, much less that the appeal of that Order will ultimately prove successful. *See Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996); *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the chances of ultimate success are slight). Consequently, I believe the motion should be denied on the merits as well.

For these reasons, I respectfully **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Dkt. 35).

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on August 31, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record